IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALBERT ANDERSON, | JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | |
| | Civil Action No. |
| AMLI RESIDENTIAL PROPERTIES, L.P. and AMLI MANAGEMENT COMPANY, | |
| Defendants | |

## COMPLAINT FOR DAMAGES

COMES NOW Albert Anderson ("Plaintiff"), through his undersigned counsel, and files this lawsuit against AMLI Residential Properties, L.P. and AMLI Management Company (collectively "AMLI" or "Defendants"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief for Defendants' failure to pay overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and for Defendants' breach of the implied duty to pay wages under Georgia law.

## JURISDICTION AND VENUE

1

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

**PARTIES**

4.

Plaintiff is a citizen of the United States of America and is a resident of the State of Georgia.

5.

According to the website of the Georgia Secretary of State, Defendant AMLI Residential Properties, L.P. ("AMLI Residential") is a Georgia corporation with a principal place of business at 3424 Peachtree Road, N.E., Suite 900, Atlanta, Georgia, 30326.

6.

Defendant AMLI Residential may be served with process by delivering a copy of the Summons and Complaint to its registered agent, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

7.

According to the website of the Georgia Secretary of State, Defendant AMLI Management Company is a Delaware corporation with a principal place of business at 141 W. Jackson Boulevard, Suite 300, Chicago, Illinois, 60604.

8.

AMLI Management Company is a subsidiary or affiliate company of AMLI Residential.

9.

AMLI Management Company availed itself of the privilege of conducting business in the state of Georgia, and is directly involved in the unlawful practices that gave rise to this action.

10.

AMLI Management Company may be served with process by delivering a copy of the Summons and Complaint to CT Corporation System at 1201 Peachtree Street, N.E., Atlanta, Georgia, 30361.

11.

Defendants are governed by and subject to the FLSA.

12.

AMLI Residential is an enterprise engaged in interstate commerce.

13.

At all relevant times, AMLI Residential has had at least two (2) employees engaged in interstate commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

14.

AMLI Residential buys, develops and manages luxury apartment complexes throughout the United States.

15.

At all relevant times, AMLI Residential had at least $500,000.00 in annual gross volume of sales made or business done.

16.

AMLI Management Company is an enterprise engaged in interstate commerce.

17.

At all relevant times, AMLI Management Company has had at least two (2) employees engaged in interstate commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

18.

AMLI Management Company buys, develops and manages luxury apartment complexes throughout the United States.

19.

At all relevant times, AMLI Management Company has had at least $500,000.00 in annual gross volume of sales made or business done.

20.

At all relevant times, Defendants were an "employer" as that term is defined by 29 U.S.C. § 203(d).

21.

Defendants acted directly or indirectly in the capacity of an "employer" in relation to Plaintiff.

22.

Defendant AMLI Residential determined the terms and conditions of Plaintiff's employment, including Plaintiff's work hours and compensation.

23.

Defendant AMLI Management Company paid Plaintiff.

24.

At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e).

## STATEMENT OF FACTS

5

25.

Plaintiff has worked for Defendants as a Maintenance Technician since in or about March 2004.

26.

Plaintiff worked at AMLI Northwinds, an apartment complex owned and operated by Defendants.

27.

AMLI Northwinds is located at 32000 Gardner Drive, Alpharetta, Georgia 30009.

28.

In or about March 2004, Defendants hired Plaintiff to work as a Maintenance Technician.

29.

At that time, Defendants agreed to pay Plaintiff $10.00 per hour for each and every hour of work.

30.

Defendants subsequently increased Plaintiff's hourly rate of pay on several occasions. As of the filing of this Complaint, Plaintiff's hourly rate of pay is $18.70.

31.

Plaintiff is a non-exempt employee.

32.

Plaintiff was paid on an hourly basis and performed manual labor.

33.

Plaintiff was responsible for maintaining the grounds and providing maintenance services such as plumbing, electrical, heating and air conditioning repairs, carpentry, appliance repairs, and flood damage repair.

34.

Plaintiff's normal work schedule was from 8:00 a.m. to 5:00 p.m., Monday through Friday, with a one-hour lunch break. However, Plaintiff consistently worked more than his scheduled 40-hour workweek.

35.

Every three (3) to four (4) weeks, Plaintiff was required to work on an on-call basis.

36.

When Plaintiff worked on-call, Plaintiff was required to work nights and weekends.

37.

Plaintiff was not paid time and one-half for every hour worked over 40 in a workweek.

38.

Plaintiff was paid straight time for some (not all) hours worked over 40 in a workweek.

39.

During the 12-plus years Plaintiff has worked for Defendants, Plaintiff has consistently been paid straight time for 86.67 hours of work every two-week pay period. See "Sampling of Paystubs," attached as Exhibit "A."

40.

On multiple occasions, Plaintiff complained to management about not being paid for all of the work that he performed and the lack of overtime pay. In response, management blamed "corporate."

41.

Defendants willfully violated the FLSA.

42.

Defendants knew that Plaintiff was entitled to be paid overtime.

43.

Defendant AMLI Residential's Employee Handbook provides that "[n]on-exempt employees are paid for overtime at a rate of time and one-half for hours worked in excess of 40 hours in any work week." See "AMLI Residential Employee Handbook," attached as Exhibit "B."

44.

Since Defendants acted willfully, a three-year statute of limitations period (as opposed to a two-year statute of limitations period) is appropriate here.

45.

Accordingly, Plaintiff's period of recovery spans from August 22, 2013 through the duration of this action.

46.

At all relevant times, Defendants failed to accurately track all hours worked by Plaintiff in violation of the FLSA's recordkeeping requirements.

47.

Defendants reported 86.67 hours on Plaintiff's pay stubs every two-week pay period even though Defendants knew that Plaintiff worked more than these hours.

48.

Plaintiff gave management work logs that listed the jobs Plaintiff completed while on-call and the amount of time it took Plaintiff to complete each job.

49.

In addition, Defendants were aware that Plaintiff constantly worked off-the-clock.

50.

In 2014, Plaintiff was nominated for and received the "Work Horse Award" because of his strong work ethic and willingness "to do anything possible to help his teammates, even on his days off." <u>See</u> "Work Horse Award Nomination," attached as Exhibit "C."

51.

Defendants praised Plaintiff for having "the highest number of tickets completed in the Atlanta region, [] the second highest number of tickets completed in the nation, [and for] complet[ing] more tickets individually than entire [maintenance] teams at 30 [] sister communities nationwide." <u>See</u> Exhibit "C."

## <u>COUNT ONE</u>
## <u>Failure to Pay Overtime as Required by the FLSA</u>

52.

Plaintiff reasserts and incorporates by reference paragraphs 25 through 51 of this Complaint as if fully set forth herein.

53.

Plaintiff was a non-exempt employee.

54.

Plaintiff performed manual labor and was paid on an hourly basis.

55.

At all relevant times, Defendants violated the FLSA by failing to pay Plaintiff overtime at a rate of time and one-half his regular hourly rate of pay.

56.

At all relevant times, Defendants required, suffered and/or permitted Plaintiff to work more than 40 hours per workweek.

57.

For more than 12 years, Defendants consistently paid Plaintiff straight time for 86.67 hours of work every two-week pay period.

58.

Defendants acted with willful disregard of their obligation to pay overtime under the FLSA.

59.

AMLI Residential's Employee Handbook contains an overtime policy that requires non-exempt employees (like Plaintiff) to be "paid for overtime at a rate of time and one-half for hours worked in excess of 40 hours in any work week." See Exhibit "B."

60.

Despite classifying Plaintiff as non-exempt, Defendants refused to pay Plaintiff overtime at a rate of time and one-half Plaintiff's regular hourly rate of pay for all hours worked over 40.

61.

Defendants knew that Plaintiff worked more than the 86.67 hours Defendants reported on Plaintiff's pay stubs every two-week pay period.

62.

In 2014 when Plaintiff was nominated for and received the "Work Horse Award," management praised Plaintiff for completing "more tickets individually than entire [maintenance] teams at 30 [] sister communities nationwide." <u>See</u> Exhibit "C."

63.

Whenever Plaintiff complained to management about not being paid for all of the work that he performed and the lack of overtime pay, management would blame the corporate office and promise to "look into" the matter. However, nothing ever changed.

64.

Defendants failed to maintain accurate records of Plaintiff's actual work hours in violation of the FLSA's recordkeeping requirements.

65.

As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including without limitation, unpaid overtime wages, liquidated damages in an equivalent amount, attorneys' fees, and litigation costs.

## COUNT TWO
## Breach of the Implied Duty to Pay Wages under Georgia Law

### 66.

Plaintiff reasserts and incorporates by reference paragraphs 25 through 65 of this Complaint as if fully set forth herein.

### 67.

In or about March 2004, Defendants hired Plaintiff to work as a Maintenance Technician.

### 68.

Defendants agreed to pay Plaintiff an hourly rate for each and every hour of work performed.

### 69.

Defendants required Plaintiff to perform maintenance work.

### 70.

Plaintiff performed maintenance work with the expectation and understanding that he would (at a minimum) be paid his hourly rate of pay for each and every hour of work.

### 71.

Defendants benefitted from the maintenance work that Plaintiff performed.

### 72.

Defendants knew that Plaintiff worked longer than the hours they reported on Plaintiff's pay stubs.

73.

Defendants refused to pay Plaintiff anything for any hours worked above 86.67 hours in a two-week pay period.

74.

Defendants' failure to pay Plaintiff for his services is unjust, and Plaintiff has suffered harm, including monetary damages.

75.

Plaintiff is entitled to be paid the reasonable value of the work he performed for each and every hour of work in excess of 86.67 hours in a two-week pay period (with interest thereon) since August 22, 2012.

## COUNT THREE
## Recovery of Attorneys' Fees and Expenses under O.C.G.A. § 13-6-11

76.

Plaintiff reasserts and incorporates by reference paragraphs 25 through 75 of this Complaint as if fully set forth herein.

77.

Defendants' act of failing to pay Plaintiff for any hours worked above 86.67 hours in a two-week pay period was done in bad faith.

78.

14

Plaintiff is entitled to recover his litigation expenses, including his reasonable attorneys' fees and costs with respect to Count Two of this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendant violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216(b), and all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA;

D. For a judgment in Plaintiff's favor for the reasonable value of the services Plaintiff performed for Defendants since August 22, 2012, and reasonable attorneys' fees and costs in accordance with O.C.G.A § 13-6-11; and

E. For such other and further relief as this Court deems proper and just.

Date: August 22, 2016

Respectfully submitted,

SMITH LAW, LLC

By:   /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876

15

William J. Smith
Georgia Bar No. 710280
*Attorneys for Plaintiff*

P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

Respectfully submitted

SMITH LAW, LLC

By:   /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Plaintiff*

P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

17

## <u>FONT AND POINT CERTIFICATION</u>

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing **COMPLAINT FOR DAMAGES** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 22nd day of August, 2016.

Respectfully submitted,

SMITH LAW, LLC

By:   /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused or will cause service to issue upon the Defendant to this Action with the foregoing **COMPLAINT FOR DAMAGES** by personal service pursuant to Fed. R. Civ. P. 4. within the time allowed by Fed. R. Civ. P. 4(m).

This 22nd day of August, 2016.

<div style="margin-left:40%">

Respectfully submitted,

SMITH LAW, LLC

By:   /s/ Louise N. Smith
      Louise N. Smith
      Georgia Bar No. 131876

</div>