## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Albert Anderson ("Plaintiff"), on the one hand, and AMLI Residential Properties, L.P. and AMLI Management Company (hereinafter referred to collectively as "AMLI" or "Defendants"). Plaintiff and AMLI are referred to herein as the "Parties."

WHEREAS, Plaintiff is employed by AMLI as a Maintenance Technician at its property in Alpharetta, Georgia;

WHEREAS, Plaintiff filed a complaint in the United States District Court for the Northern District of Georgia on August 22, 2016, titled *Albert Anderson v. AMLI Residential Properties, L.P., et al.*, Case No. 16-cv-03078-TWT (the Action"), alleging that Defendants violated the Fair Labor Standards Act (the "FLSA") as well as state law by failing to pay Plaintiff overtime at the rate of one and one-half times his regular pay for hours worked in excess of 40 hours in a workweek while employed by Defendants;

WHEREAS, AMLI has denied and continues to deny the allegations contained in the Action;

WHEREAS, the Parties have agreed to the terms on which they desire to settle any and all claims Plaintiff has, may have or may have had against AMLI or the Releasees (as defined below) arising under the FLSA concerning any matter or event occurring at any time prior to the Effective Date (as defined herein) of this Agreement, including, but not limited to any claims against Defendants in connection with the Action;

NOW, THEREFORE, in consideration of the releases as set forth herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties HEREBY AGREE AND PROMISE AS FOLLOWS:

1

1. Settlement Payment.   In exchange for the promises made by Plaintiffs in this Agreement, Defendants agree that within fourteen (14) days after the Effective Date of this Agreement, defined as when both (a) a court of competent jurisdiction has entered an order approving this Agreement and dismissing Plaintiff's claims with prejudice, and (b) counsel for Defendants, Joel H. Spitz, McGuireWoods LLP, 77 West Wacker Dr., Suite 4100, Chicago, Illinois 60601, has received each of the following: (i) a signed copy of this Agreement from Plaintiff; and (ii) completed IRS Forms W-9 from Plaintiff and his counsel, Defendants shall deliver to Plaintiff's counsel, Louise N. Smith, Smith Law LLC, P.O. Box 1396, Dacula, GA 30019, a settlement payment in the gross amount of Fifteen Thousand Dollars ($15,000.00) divided as follows: (1) one check payable to Plaintiff in the amount of $4,300.00 to be reported as wage income; (2) one check payable to Plaintiff in the amount of $4,300.00 to be reported as non-wage income for liquidated damages; and (3) one check payable to Smith Law, LLC in the amount of $6,400.00 for attorneys' fees and costs.

2. Taxes.  Plaintiff acknowledges and agrees that he will be solely responsible for any taxes imposed as a result of entering into this Agreement or Defendants' payments referenced in Paragraph 1, above, except for those taxes relating to Defendants' withholdings, on an IRS Form W-2 referenced in Paragraph 1(a), above.  Plaintiff agrees promptly to pay and to defend, indemnify and hold harmless Defendants or the Releasees (as defined herein) from and against any and all loss, cost, damage or expense, including, without limitation, any penalties, interest and attorneys' fees arising out of or related to any dispute over the assessment of taxes on such payments.

3. Attorneys' Fees and Costs.  All Parties shall bear their own attorneys' fees and costs in connection with this matter, including without limitation in connection with the negotiation

and execution of this Agreement, except for the amount designated above within Paragraph 1 for attorney's fees.

4.   Release and Covenant Not to Sue.  For and in further consideration of the payment to Plaintiff described in Paragraph 1, above, receipt of which is hereby acknowledged, Plaintiff, for himself and for his heirs, executors, administrators, trustees, legal representatives and assigns, hereby forever releases and discharges Defendants and their respective past and present parents, subsidiaries, divisions, insurers, affiliates, and controlling persons, as well as all past and present directors, officers, agents, attorneys, representatives and employees of any such entity (collectively the "Released Parties") from any and all wage-related claims, demands, causes of action, and liabilities , whether known or unknown to Plaintiff, by reason of any act, omission, transaction or occurrence up to and including the date of execution of this Agreement, arising under the FLSA and Georgia law.

5.   No Admission of Liability.  The existence, execution, or terms of this Agreement do not constitute, shall not be considered or construed as, and shall not be admissible in any proceedings as, an admission by Defendants or any of the Releasees, of any liability, violation, error or omission.

6.   Approval of Settlement.  The Parties acknowledge and agree that an order from a court of competent jurisdiction approving this Agreement and dismissing Plaintiff's claims with prejudice is a material condition of this Agreement, and that this Agreement will not become effective unless and until it is approved by a court of competent jurisdiction.  The Parties acknowledge and agree that they shall jointly submit a motion for approval of this Agreement to the court presiding over the Action after the Agreement is fully executed.  The Parties further acknowledge and agree that in the event the court's order approving this Agreement and

3

dismissing Plaintiffs' claims with prejudice modifies this Agreement in any way, such modification shall not affect the validity or enforceability of the Agreement. Rather, in such an event, this Agreement shall be deemed modified to incorporate the terms of the court's order, and the terms of the court's order shall control to the extent that they conflict with or modify this Agreement.

7. Binding Authority and Benefit. This Agreement shall be binding upon and shall be for the benefit of the Parties, as well as their respective heirs, representatives, successors and assigns.

8. Construction of Agreement. The language of this Agreement shall not be construed for or against any particular Party. The Parties agree that all of them have drafted the Agreement and that there shall be no presumption that one Party drafted the Agreement for purposes of construing it. Section headings in this Agreement are included for convenience of reference only and shall not affect the construction of this Agreement.

9. Severability. Every provision of this Agreement is severable. If at any time after the execution of this Agreement, any clause, term or provision of this Agreement shall be held illegal, void, or unenforceable, the illegality or unenforceability of the provision shall have no effect upon, and shall not impair the validity or enforceability of, any other provision.

10. Merger. This instrument constitutes and contains the entire agreement and understanding between the Parties concerning the subject matter of this Agreement, and supersedes all prior negotiations, proposed agreements and understandings, if any, between the Parties. This Agreement may be modified only by a writing signed by all the Parties.

11. OWBPA Compliance. Defendants hereby advise Plaintiff that he may consult with an attorney of his choosing regarding this Agreement prior to signing it, and recommend that he

4

does so. Plaintiff acknowledges and agrees that he has consulted with such an attorney and that an attorney has been active in the negotiation of this Agreement on his behalf. Plaintiff acknowledges that he has the right to consider this Agreement for at least twenty-one (21) days prior to executing it. If Plaintiff signs this Agreement before this twenty-one (21) day period has fully elapsed, he does so voluntarily, with the opportunity to consult with or seek legal advice, and with a full and complete understanding of all terms of this Agreement. For a period of seven (7) days following his signing of this Agreement, Plaintiff may revoke this Agreement by providing written notification of such action to Joel H. Spitz, McGuireWoods LLP, 77 West Wacker Dr., Suite 4100, Chicago, Illinois 60601.

12. Waiver. No waiver of the breach of any of the terms or provisions of this Agreement shall be a waiver of any preceding or succeeding breach of this Agreement or any provisions of it.

13. Counterparts and Facsimile Signatures. This Agreement may be executed in one or more counterparts, each and all of which shall constitute, and shall be construed as a single original instrument upon execution, delivery, and exchange of such signed counterparts by and among the Parties hereto. In addition, the Parties agree that this Agreement may be executed via facsimile, and that such signatures have the same force and effect as an original signature. A fully executed copy of this Agreement may be used with the same force and effect as the original of this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Agreement as of the date(s) stated below.

5

ALBERT ANDERSON

AMLI RESIDENTIAL PROPERTIES, L.P.
By: AMLI Residential Partners, LLC

By: _____

Title: _Chairman and CEO_

Date: _October 20, 2016_

AMLI MANAGEMENT COMPANY

By: _Redee S. Silverman_

Title: _SVP Human Resources_

Date: _October 20, 2016_

6